■ In the Matter of MAILAND FARMS, INC., Petitioner, v THOMAS HARTNETT, as Commissioner of the New York State Department of Labor, et al., Respondents. [612 NYS2d 606] — Proceeding pursuant to CPLR article 78, to review a determination of the New York State Department of Labor, dated October 11, 1991, which, after a hearing and upon the stipulation of the parties, *inter alia,* ordered the petitioner to pay to its employees the principal sum of $13,251.60 in prevailing wages and supplements, and to pay a civil penalty of $899.46 to the Commissioner of Labor.

Adjudged that the determination is confirmed and proceeding is dismissed on the merits, with costs.

On August 1, 1991, at a hearing held pursuant to Labor Law § 220, the petitioner, Mailand Farms, Inc., and the Department of Labor stipulated, *inter alia,* that the petitioner had entered into a contract with the Town of Brookhaven Highway Department for public highway work and street improvements; that the contract had involved the employment of workers in various trades, including operating engineers; and that from May 29, 1987, through April 29, 1988, the petitioner had failed to pay prevailing wages and/or had failed to provide supplements to two employees who had worked on the project and who were required to be paid pursuant to the prevailing wage rate schedule. In a determination dated October 11, 1991, the Commissioner of Labor adopted and confirmed the stipulation in all respects and ordered that the petitioner pay the Commissioner of Labor the principal sum of $13,251.60 in prevailing wages and supplements for distribution to the petitioner's employees and a civil penalty of $899.46.

We reject the petitioner's contention that a court should determine in the first instance whether a project is a public work project. The Department of Labor has the statutory power to determine issues raised at a hearing conducted by it to determine whether a contractor of a public work project has paid the prevailing rate of wages and supplements *(see,* Labor Law § 220 [7], [8]). This power includes the power to determine questions of facts upon which the Department of Labor's jurisdiction depends *(see, New York Inst. for Educ. of Blind v United Fedn. of Teachers' Comm. for N. Y. Inst. for Educ. of Blind,* 83 AD2d 390, 403, *affd* 57 NY2d 982).

Further, we reject the petitioner's contention that the stipulation is void because a party cannot waive subject matter jurisdiction. Although the Department of Labor has jurisdiction to conduct hearings concerning payment violations on public work projects *(see,* Labor Law § 220 [7], [8]), a party may stipulate to the fact that the project in question is a public work project. The effect of the stipulation is not a waiver of subject matter jurisdiction, but rather the waiver of the right to contest the facts which lead to the determination that the project is a public work project. Moreover, since the petitioner entered into the stipulation knowingly and voluntarily, it cannot now claim that the stipulation is void. Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.